UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE 15,

                            Plaintiff,

            -v-

DARREN K. INDYKE and RICHARD D. KAHN,
*as Executors of the Estate of Jeffrey E. Epstein*,

                           Defendants.

19 Civ. 10653 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

In this diversity action, plaintiff Jane Doe 15 ("Doe")[1] brings claims of battery, assault, and intentional infliction of emotional distress against Darren K. Indyke and Richard D. Kahn, in their capacities as co-executors of the estate of Jeffrey Epstein. These claims arise from Doe's allegations of sexual trafficking and abuse perpetrated against her by Epstein in 2004, when she was age 15. Doe alleges that Doe visited Epstein's Manhattan townhouse in New York City, where Epstein's secretary photographed her and groomed her for future sexual exploitation; on Epstein's behalf, the secretary later invited Doe to visit Epstein at his ranch in New Mexico, and arranged Doe's visit. *See* Dkt. 1 ("Cmplt.") ¶¶ 2–4, 25–26, 30–37. Epstein's sexual abuse of Doe occurred during the visit to the New Mexico ranch that ensued. *Id*. ¶¶ 5–6, 41–69.

The defendants have filed a partial motion to dismiss, directed solely at Doe's prayer for punitive damages. They argue that New Mexico law governs Doe's claims, and that under New Mexico law, punitive damages are unavailable in a personal injury action against the personal

---

[1] Doe has been granted leave to proceed pseudonymously. Dkt. 22.

representative of an estate.  *See* Dkt. 18 (motion); Dkt. 19 (memorandum of law in support); Dkt. 34 (reply).  Doe opposes that motion.  Dkt. 29 (memorandum of law in opposition).

The Court grants defendants' motion.  The Court's analysis substantially tracks the analysis in a memorandum and opinion it issued earlier this week granting a motion seeking the same relief in another case in which a plaintiff has brought the same personal injury claims against the executors arising from sexual abuse Epstein allegedly perpetrated on her.  *See Mary Doe v. Indyke and Kahn*, 19 Civ. 10758 (PAE) ("*Mary Doe*"); *see id*. Dkt. 38 ("*Mary Doe* Op.") (issued April 28, 2020).  The Court here incorporates that decision by reference.

In *Mary Doe*, Epstein's abuse was alleged to have occurred in his Manhattan townhouse.  The Court noted that the New York statute that authorizes personal injury actions against the personal representative of the decedent precludes punitive damages in such actions, *see Mary Doe* Op. at 4 (citing New York Estates, Powers and Trusts Law ("EPTL") § 11-3.2(a)(1)), and required dismissal of Mary Doe's prayer for such damages, *id*. at 4–6.  The Court rejected Mary Doe's counter-arguments: that defendants' motion was premature, *id*. at 6–7, and improperly styled as a motion to dismiss, *id*. at 7–9, and that the law of the United States Virgin Islands ("USVI"), where Epstein's estate is being probated, applies, and permits punitive damages against an estate in such an action, *id*. at 9–16.  As to the final argument, the Court noted that under New York choice-of-law rules, the substantive law of the location of the tortious conduct occurred generally applies as to punitive damages, and that there was no reason to depart from that rule here, *id*. at 9–14.  In any event, the Court held, it is likely that, as a matter of common law, the USVI—like New York, the majority of states, and Restatement (Second) of Torts § 908—would not allow imposition of punitive damages on a tortfeasor's estate, *id*. at 14-16.

The parties in this case are represented by the same counsel as in *Mary Doe*, and make substantially the same arguments for and against dismissal.  The one variation is that, because Epstein's abuse is alleged to have occurred at the New Mexico ranch, defendants argue that New Mexico law applies.  *See* Dkt. 19 at 2–6; Dkt. 34 at 5–8.  But that, defendants argue, does not change the result, because New Mexico common law as announced by the state supreme court, like EPTL § 11-3.2(a)(1), bars punitive damages in a personal injury action against a tortfeasor's estate.  *See Jaramillo v. Providence Wash. Ins. Co.*, 871 P.2d 1343, 1351–52 (N.M. 1994) (canvassing laws; noting that "punishment and deterrence are not accomplished by enabling recovery of punitive damages from the estate of deceased tortfeasors"; and adopting majority rule that "[w]hen the tortfeasor cannot be punished for his culpable behavior, punitive damages no longer have the desired effect and, therefore, the victim loses the legal entitlement to recover those damages"); *see also Barbara R. as next friend of S.R. v. Couch*, No. 03 Civ. 1225 (MCA) (WDS), 2006 WL 8443923, at *28 (D.N.M. Sept. 30, 2006) (citing *Jaramillo* and noting that "[t]he rationale behind this rule is that 'to punish the estate ignores the central purpose of punitive damages, which is to punish the tortfeasor and to deter him from repeating the wrongful act").  Doe, for her part, does not dispute that New Mexico law mirrors New York law.  Instead, in opposing dismissal, she makes the same three arguments as in *Mary Doe*.

The Court again finds punitive damages unavailable as a matter of law and plaintiffs' counter-arguments unavailing.  As to the third argument, relating to choice of law, unlike in *Mary Doe*, there is indeed room for debate about which jurisdiction's law applies.  But the debate is between New York (where the grooming process began) and New Mexico (where the sexual abuse occurred).  And under either state's law, imposition of punitive damages on the

Epstein estate is squarely prohibited. Doe does not have any stronger argument than did Mary Doe that USVI law applies in her case, or, if it did, that it would permit such damages.

The Court, accordingly, grants defendants' motion to dismiss the prayer for punitive damages. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 18.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: April 30, 2020
       New York, New York