# CUTI HECKER WANG LLP

305 BROADWAY, SUITE 607
NEW YORK, NY 10007

**MARIANN MEIER WANG**
212.620.2603 TEL
212.620.2613 FAX

MWANG@CHWLLP.COM

May 11, 2020

**By ECF**
Hon. Debra Freeman
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *Jane Doe 15 v. Indyke et al.*, 19-cv-10653 (PAE)(DCF)
       *Mary Doe v. Indyke et al.*, 19-cv-10758 (PAE)(DCF)
       *Davies v. Indyke et al.*, 19-cv-10788 (GHW)(DCF)

Your Honor:

We represent the plaintiffs in the three above-referenced cases. With the consent of Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (together, the "Co-Executors"), we write respectfully to request that the Court extend the current discovery deadlines in these three cases by ninety (90) days and the Co-Executors' answer deadlines in the *Jane Doe 15* and *Mary Doe* matters by thirty (30) days.

The COVID-19 pandemic continues to cause substantial difficulties for all parties, and is inhibiting the parties' ability to fully conduct discovery. In addition, as Your Honor is aware, the parties are awaiting the approval by the Superior Court of the Virgin Islands of a voluntary claims resolution program. If that program is approved in the near future and quickly implemented, the plaintiffs in these actions wish to participate in it, and the parties are hopeful that the program might resolve the plaintiffs' claims. As a result of this confluence of factors – the substantial challenges to the discovery process as a result of the pandemic and the possibility that the alternative dispute resolution mechanism may soon be available and speedy – the parties believe that the most appropriate and efficient course of action would be for the parties to enter into an informal stay of the three proceedings for thirty days, after which time the parties will evaluate the current status of both the pandemic-related limitations and the claims resolution program and consider whether an additional informal stay would be appropriate. We will of course confer and write again to keep the Court apprised.

In order to facilitate that informal stay while ensuring that the parties are not prejudiced in the discovery process if and when the litigation process

resumes, we ask the Court to extend the current discovery deadlines in these three cases, as set forth in the Court's April 14, 2020 Endorsed Memorandum, by ninety (90) days, and to extend the Co-Executors' answer deadlines in the *Jane Doe 15* and *Mary Doe* matters by thirty (30) days as follows:

- the deadline for the Co-Executors to file Answers in the *Jane Doe 15* and *Mary Doe* actions, which are currently due on May 12 and May 14, respectively, be extended to June 8, 2020;
- the deadline for Plaintiffs to file any motions to amend the pleadings or to join any additional parties be extended from June 1, 2020 to August 31, 2020;
- the deadline for the Parties to submit joint status reports to the Court, regarding discovery and the progress of settlement discussions, be extended from June 1, 2020 to August 31, 2020;
- the deadline for the completion of fact discovery be extended from July 10, 2020 to October 8, 2020;
- the deadline for service of Plaintiffs' expert reports be extended from July 10, 2020 to October 8, 2020;
- the deadline for service of the Co-Executors' rebuttal reports be extended from August 10, 2020 to November 9, 2020; and
- the deadline for the completion of expert discovery be extended from August 31, 2020 to November 30, 2020.

The Court has granted one previous extension of the discovery deadlines, of thirty (30) days, on April 14, 2020. The Co-Executors' answer deadlines in the *Jane Doe 15* and *Mary Doe* actions have not been extended since the Court ruled on the motions to dismiss in those actions.

We appreciate the Court's attention to these matters.

Respectfully submitted,

_____/s/ Mariann Meier Wang_____

Mariann Meier Wang

cc: Bennet J. Moskowitz, Counsel for Defendants (by ECF)